Friedman *v.* Blumberg et al., Appellants.

Argued May 13, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*M. Herbert Syme*, with him *Benj. R. Simons*, of *Syme & Simons*, for appellants.

*Edwin Fischer*, with him *Samuel Kenin*, for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, June 30, 1941:

Plaintiff, a glazier, asked the court below to restrain a labor organization, and certain individuals connected with it, notably its business agent, from continuing the picketing of his store. The Chancellor granted the injunction forbidding the picketing. The defendant labor organization and the individual defendants appeal.

Plaintiff conducts a small business. The only person regularly engaged with him in it is his wife. Occasionally, when in need of extra help, he calls in a man named Hughes, who testified that, during the past five years, he has intermittently worked for plaintiff, "Maybe two hours a week, and maybe a day out of every three or four weeks. I would come down and maybe he would have a show window glass to put in, and I would put it in, and he would give me a quarter or a half dollar, or whatever it was. He used to be able to give me a day's work once a week, but now he can't do that." Hughes does not belong to the union. He has had no difficulty with plaintiff and has no complaints.

Plaintiff testified that he had no labor troubles. Sometime before this proceeding was instituted, Davis, the business agent of the defendant labor union, called upon him and spoke about organizing the glass industry. When Davis insisted that if he employed anyone it should be a member of the union, he stated that his return for the work he did would not equal the expenditure. He said that Davis told him he would have to sign up or close up, and the next morning he was picketed. The pickets carried signs reading, "Glazing being done by Max Friedman unfair to organized labor. Local No. 252 A. F. of L."

There was no evidence of any violence, although there was some of coercive threats by the business agent, not sufficient we think, under the recent rulings of the Supreme Court of the United States, to warrant us in continuing the injunction.

We are constrained to hold in view of the decisions

of the Supreme Court of the United States in *Milk Drivers Union v. Meadowmoor Dairies,* 312 U. S. 287, 61 Sup. Ct. 552; *American Federation of Labor v. Swing,* 312 U. S. 321, 61 Sup. Ct. 568; and *Bakery and Pastry Drivers and Helpers Local 802 of International Brotherhood of Teamsters v. Wohl,** 313 U. S. 548, 61 Sup. Ct. 1108, reversing, per curiam, the New York Court of Appeals (284 N. Y. 784, 31 N. E. 2d 765) on the authority of the Swing case, (which decisions had not been delivered at the time the court below entered the decree) that, under the circumstances here shown, an injunction to restrain the picketing cannot be sustained.

Decree reversed and bill dismissed at the cost of appellants.

---

\* REPORTER'S NOTE: The Supreme Court of the United States on October 20, 1941, granted a rehearing in *Bakery & Pastry Drivers and Helpers Local 802 of International Brotherhood of Teamsters v. Wohl,* No. 901, 1940 Term, which had been decided per curiam, 313 U. S. 548, which is one of the cases upon which the Supreme Court of Pennsylvania predicated its decision in *Friedman v. Blumberg,* supra. The case was still pending before that Court when this volume went to press.